## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ELIE LOUIS-BENJAMIN, JR.                  :
3959 Welsh Road, Apt. 145                 :
Willow Grove, PA 19090                    :       CIVIL ACTION
                                          :
              Plaintiff,                  :       No. _____
        v.                                :
                                          :
RITECHOICE FAMILY SERVICES, INC.  :
d/b/a RITECHOICE                          :
7248 Elmwood Avenue                       :
Philadelphia, PA 19142                    :       **JURY TRIAL DEMANDED**
        and                               :
MICHAEL MADU                              :
7248 Elmwood Avenue                       :
Philadelphia, PA 19142                    :
                                          :
              Defendants.                 :

## CIVIL ACTION COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

### I. INTRODUCTION

1.      This action has been initiated by Elie Benjamin (hereinafter referred to as "Plaintiff," unless indicated otherwise) for violations of the Fair Labor Standards Act ("FLSA" - 29 U.S.C. 201, *et. seq.*) and applicable state law(s). Plaintiff asserts herein that he was not paid wages or overtime compensation in accordance with applicable state and federal laws. As outlined *infra*, he is owed well in excess of $100,000.00, exclusive of costs, legal fees, and other damages.

### II. JURISDICTION AND VENUE

2.      This Court, in accordance with 28 U.S.C. 1331, has jurisdiction over Plaintiff's claims because they arise under a federal law - the FLSA. There is supplemental jurisdiction over

Plaintiff's state-law claims herein because they arise out of the same common nucleus of operative facts as Plaintiff's federal claim(s) set forth in this lawsuit.

3.      This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

### III. PARTIES

5.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.      Plaintiff is an adult individual, with an address as set forth in the caption.

7.      Defendant RiteChoice Family Services, Inc. (hereinafter "Defendant RCFS" where referred to individually) is an entity incorporated in the Commonwealth of Pennsylvania and engaging primarily in the business of providing in-home care for elderly or infirmed individuals.

8.      Michael Madu (hereinafter "Defendant Madu" where referred to individually) is the President, owner, and primary high-level managing operator of Defendant RCFS."

9.      At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## IV. **FACTUAL BACKGROUND**

10.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11.     Plaintiff was hired by Defendant RCFS in or about mid-May of 2018. And in total, Plaintiff was employed with Defendant for almost 1 year.

12.     Plaintiff was hired by RCFS, a home-care provider. And Plaintiff was also hired by Defendant Madu, who ultimately oversaw Plaintiff's compensation, work performance, and other terms and conditions of employment.

13.     Defendant Madu was, and upon information and belief, remains she shareholder, President and highest-level management employee of Defendant RCFS. Defendant Madu holds himself out publicly as: (a) the President and Chief Executive Officer of Defendant RCFS; (b) the President of Chidenso Homes, LLC, a real-estate holding company; (c) having a Master of Business Administration (MBA); and (d) being a Doctor of Business Administration (DBA).

14.     Defendant Madu is not a neophyte to business operations, and thus the actions described *infra* demonstrate further his knowing, intentional, and deceitful violations of local, state and federal wage and overtime laws.

15.     In particular, Defendant Madu hires varying levels of staff to work and provide in-home care to third parties with whom he and Defendant RCFS contract. In furtherance of Defendants' business interests, Plaintiff was hired:

> (A) As a nurse;
>
> (B) To provide in-home care; and
>
> (C) Plaintiff provided full-time care to a wheel-chair bound patient.

3

16.     Defendant Madu collects very significant sums of money through his third-party contracts, but he deliberately skims wages from his own employees, directs and participates falsification of payroll, and cheats employees out of proper and legally required wages and overtime compensation.

17.     Plaintiff was hired as an hourly employee at $33.00 per hour. Plaintiff was only ever employed with Defendants during his approximate 1-year tenure as an hourly employee (although his hourly rate was manipulated, discussed more below).

18.     The following examples and illustration of Defendants' unlawful payroll scheme is irrefutable:

> (A) Plaintiff worked *at least* 16 hours per day and 7 days per week (sometimes more) throughout his employment;
>
> (B) Plaintiff was paid by Defendants on a bi-weekly basis (every 2 weeks), and he worked *at least* 224 hours per pay period;
>
> (C) Defendants *never* could or would dispute that Plaintiff averaged at least 112 hours per week of work because: (1) they scheduled Plaintiff; (2) they billed for his work; and (3) they identified his worked hours on his payroll;
>
> (D) But Defendants instead concocted a scheme to avoid paying employees such as Plaintiff proper overtime compensation that was mandated by state and federal laws;
>
> (E) Attached hereto as "Exhibit A" by way of a 1-pay period example is Plaintiff's July 6, 2018 payroll for the 2-week time period ending June 29, 2018;
>
> (F) Normally and universally, employees are given a single earnings statement showing all hours worked, all compensation, and any overtime accrued. But to avoid paying legally-mandated overtime, Plaintiff was given 3 separate "Earning Statement[s]" each one reflecting his hourly rate. *See* "Exhibit A;"
>
> (G) Each Earning Statement was given to Plaintiff to avoid outside or governmental detection of non-payment of overtime. Despite having worked 224 hours in a 2-week payroll timeframe, Plaintiff was given **3 separate** pay stubs wherein 2 of them showed 80-hour work weeks and 1 showed the additional 64 hours *Id.*; and

4

(H) As a result of Plaintiff being given 3 separate pay stubs / Earning Statements, it appeared from looking at each one individually as if Plaintiff only worked a maximum of 40 hours per week (unless all were combined for view and context). Thus, Plaintiff was not paid at a rate of time and one half; and instead, was only paid what is commonly referred to as straight time (his same hourly rate despite working overtime).

19.     While Plaintiff referenced his July 6, 2018 payroll in the preceding paragraph for illustration purposes, Plaintiff was paid in the same unlawful manner during each of Plaintiff's payroll periods throughout his employment.

20.     However, in the months leading up to Plaintiff's separation from employment which took place in mid-February, Plaintiff had been adamantly expressing concerns about unpaid overtime compensation to his management and Defendants.[1]

21.     Plaintiff was told point-blank by Defendants' management Defendants do not pay overtime compensation.

22.     It was obvious even to unsophisticated management or ownership that an hourly employee is supposed to receive time and one half of his hourly wage after 40 hours per week (let alone Defendant Madu who represents having a doctor in business administration and being a CEO multiple companies). Hence, Defendants' intent to violate wage laws simply became even more transparent when segregating hours into multiple pay statements for obvious overtime avoidance.

23.     Because Plaintiff had become more vocal in his concerns of overtime violations leading up to his constructive discharge (discussed *infra*), Defendants made no effort to actually

---

[1] *See Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 17, 131 S. Ct. 1325, 1336 (2011)(verbal complaints about overtime concerns are protected activities under the FLSA prohibiting retaliation).

compensate Plaintiff properly but instead identified 8 hours of overtime in a pay stub during

Plaintiff's December 7, 2018 payroll issuance.  In particular:

> (A) "Exhibit B" is a compilation of Plaintiff's pay stubs / Earning Statements for
> the payroll period ending November 30, 2018; and
>
> (B) Despite that Plaintiff had worked in excess of a 100 hours of overtime in the
> pay period, Defendants only identified that Plaintiff worked 8 hours of
> overtime warranting $49.50 (his proper overtime payrate) in **one of multiple**
> paystubs. *Id.*

24.     The purpose of the 8-hour indication of overtime worked in the December 7, 2018

payroll was ostensibly only to insulate Defendants from a future audit or third-party review by

claiming *it paid some* overtime (which might look normal if all separate pay statements were not

viewed collectively). It was however absurd, as the payment for overtime therein reflected

overtime compensation for less than 10% of actual overtime worked (within said payroll period).

25.     As a direct result of Plaintiff escalating overtime-related concerns to Defendants,

he was told his hourly rate was significantly and unilaterally cut.  In Plaintiff's last payroll (for

payroll in January of 2019), he had learned that his hourly rate was retaliatorily cut from $33.00

per hour to $23.90 per hour without proper notice or consent. *See* January 2019 payroll, attached

hereto as "Exhibit C." This constituted a pay reduction of approximately 28% of Plaintiff's

typically weekly or bi-weekly compensation.

26.     Plaintiff resigned because of animosity, threats, and – most importantly – an

approximate 1/3 cut in his compensation by Defendants.[2] Plaintiff was forced to separate under

the foregoing circumstances, ***constituting constructive discharge***.[3]

---

[2] *See e.g. Bartolon-Perez v. Island Granite & Stone,* 108 F. Supp. 3d 1335, 1340 (S.D. Fla. 2015)(constructive discharge is actionable under the FLSA); *Traweek v. Glob. Sols. & Logistics LLC,* 2015 U.S. Dist. LEXIS 98098, at *18 (N.D. Ala. 2015)(a substantial pay reduction constitutes a viable FLSA retaliation, constructive-discharge claim); *Tellez v. Primetals Techs. United States, LLC,* 2018 U.S. Dist. LEXIS 188061, at *7 n.3 (D.S.C. 2018)(denying motion to dismiss concerning defendant's assertion for lack of evidence of FLSA constructive discharge); *Ford v. Alfaro,* 785 F.2d 835, 841 (9th Cir. 1986)(a plaintiff may pursue an FLSA retaliatory discharge claim, as this is the same protection under all similar employment statutes)

27.     Plaintiff's damages and entitlements because of Defendants' forgoing actions are

as follows:

(1) Plaintiff worked at least 3,081 hours of overtime. He was only paid at a rate of $33.00 per hour for each hour of overtime, which was his regular straight-time rate. Plaintiff was not paid at his proper overtime rate of $49.50 per hour, and he was therefore denied $16.50 per hour for every overtime hour worked. Plaintiff is thus owed **at least $50,836.50** in unpaid overtime compensation.

(2) The sum of owed overtime to Plaintiff, which totals $50,836.50, must be ***automatically*** doubled for liquidated damages.[4] In total without other consideration of interest or costs, Plaintiff is owed **at least $101,673.00**.

(3) Plaintiff had his wages retroactively reduced without consent, constituting a violation of the Pennsylvania Wage and Collection Law(s), which also permits liquidated damages (as to Plaintiff's last paycheck).

(4) And Plaintiff is entitled to all past or future lost wages, compensatory damages, and punitive damages for his constructive discharge by Defendants.[5]

---

[3] *Penn. State Police v. Suders*, 542 U.S. 129, 134 (2004)(stating that "an extreme cut in pay" can provide a basis for alleging constructive discharge); *Murtha v. Forest Elec. Corp.*, 1992 U.S. Dist. LEXIS 10476, at *10 (E.D. Pa. 1992)(refusing to vacate a jury verdict and explaining that pay or benefit reductions can constitute a constructive discharge claim); *Traweek v. Glob. Sols. & Logistics LLC,* 2015 U.S. Dist. LEXIS 98098, at *18 (N.D. Ala. 2015)(a substantial pay reduction constitutes a viable FLSA retaliation, constructive-discharge claim).

[4] *See e.g. Solis v. Min Fang Yang*, 345 Fed. Appx. 35 (6th Cir. 2009)(Affirming award of liquidated damages explaining "under the Act, liquidated damages are compensation, not a penalty or punishment, and no special showing is necessary for the awarding of such damages. Rather, they are considered the norm and have even been referred to by this court as mandatory."); *Gayle v. Harry's Nurses Registry, Inc.*, 594 Fed. Appx. 714, 718 (2d Cir. 2014)(Affirming award of liquidated damages explaining there is an automatic "presumption" of liquidated damages and "double damages are the **norm**, single damages the exception," as the burden to avoid liquidated damages is a "difficult burden."); *Haro v. City of Los Angeles*, 745 F.3d 1249 (9th Cir. 2014)(Affirming award of liquidated damages explaining they are the "norm" and "mandatory" unless the employer can establish the very "difficult burden" of subjective and objective attempts at FLSA compliance); *Chao v. Barbeque Ventures, LLC*, 547 F.3d 938, 942 (8th Cir. 2008)(Affirming award of liquidated damages explaining that the employer mistakenly argues its non-compliance was not willful, misunderstanding the high burden to show affirmative steps of attempted compliance and research of the FLSA and separately that its diligence and belief in non-payment of overtime was also objectively reasonable.); *Chao v. Hotel Oasis, Inc.*, 493 F.3d 26 (1st Cir. 2007)(Affirming award of liquidated damages explaining that they will always be considered the "norm" in FLSA cases); *Lockwood v. Prince George's County*, 2000 U.S. App. LEXIS 15302 (4th Cir. 2000)(Affirming award of liquidated damages explaining they are the "norm" and that an employer may not take an ostrich-like approach and refuse to research its obligations under the FLSA and to objectively explain why it failed to comply with the FLSA); *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399 (7th Cir. 1999)(Reversing the district court for not awarding liquidated damages, as doubling unpaid overtime is the rule, not an exception); *Nero v. Industrial Molding Corp.*, 167 F.3d 921 (5th Cir. 1999)(Affirming award of liquidated damages, as there is a presumption of entitlement to liquidated damages which are the norm).

[5] *See Jones v. Amerihealth Caritas*, 95 F. Supp. 3d 807, 818 (E.D. Pa. 2015)(FLSA retaliation claims permit the recovery of damages for emotional distress, punitive damages, and other economic losses).

28.     Defendant Madu oversaw business operations, was a high-level manager and owner, condoned and perpetuated unlawful pay to employees through continued payroll falsification schemes, and exercised full control over personnel and compensation. He is thus also personally liable for such claims herein.[6]

**Count I**
**Violations of the Fair Labor Standards Act ("FLSA")**
**(Failure to Pay Overtime)**
**- Against Both Defendants -**

29.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

30.     Plaintiff was not properly paid for all owed overtime as explained *supra*. And such actions constitute indefensible violations of the Fair Labor Standards Act ("FLSA").

**Count II**
**Violations of the Fair Labor Standards Act ("FLSA")**
**(Retaliation)**
**- Against Both Defendants -**

31.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

32.     Plaintiff was constructively terminated due to animosity, threats, and a substantial reduction in his compensation as a direct, actual and proximate cause of his complaints of overtime violations.

33.     Such actions as aforesaid constitute unlawful retaliation under the FLSA.

---

[6] *See e.g. Haybarger v. Lawrence Cty. Adult Prob. & Parole*, 667 F.3d 408, 414 (3d Cir. 2012)(managers and corporate officers exercising control over wages are appropriate defendants under the FLSA and may be individually liable for such violations).

## Count III
## Violations of the Pennsylvania Minimum Wage Act ("PMWA")
### (Failure to Pay Overtime Compensation)
### - Against Both Defendants -

34.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

35.     Plaintiff was not properly paid for all owed overtime as explained *supra*. And such actions constitute indefensible violations of the Pennsylvania Minimum Wage Act ("PMWA").

## Count IV
## Violations of the Pennsylvania Wage & Collection Law(s)
### (Failure to Pay Full Wage(s) Owed)
### - Against Both Defendants -

36.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

37.     Defendants unilaterally reduced Plaintiff's hourly rate in the midst of him performing work without adequate notice, a defined rate agreed upon, and unilaterally without Plaintiff's consent.  Plaintiff was thus not properly paid his hourly rate as assured, previously agreed upon, and contractually owed in his last payroll check.

38.     These actions as aforesaid constitute indefensible violations of the Pennsylvania Wage and Collection Law(s).

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendants are to promulgate and adhere to a policy prohibiting wage and overtime and wage violations;

B.     Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for

Defendants' wrongful actions, including but not limited to all owed wages, overtime, and other applicable compensation;

C.     Plaintiff is to be awarded actual damages to which he legally entitled beyond those already specified herein;

D.     Plaintiff is to be awarded liquidated and/or punitive damages as permitted by applicable law;

E.     Plaintiff is to be accorded other equitable relief as the Court deems just, proper, and appropriate (including but not limited to emotional distress or other such damages);

F.     Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees if permitted by applicable law; and

G.     Plaintiff is permitted to have a trial by jury.


Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**


Ari R. Karpf, Esquire
3331 Street Road
Building 2, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: February 22, 2019

# Exhibit A

01609
**Company Code**
RK / 7RF 21724155
RiteChoice
7248 Elmwood Ave
Philadelphia, PA 19142

**Loc/Dept**
01/

**Number**
4579723

**Page**
1 of 1

# Earnings Statement

**ADP**

| | |
|---|---|
| Period Starting: | 06/16/2018 |
| Period Ending: | 06/29/2018 |
| Pay Date: | 07/06/2018 |

Taxable Marital Status:      Single
Exemptions/Allowances:          Tax Override:
  Federal:     3          Federal:
  State:       0          State:
  Local:       0          Local:
Social Security Number:      XXX-XX-XXXX

**Elie J Benjamin**
**3959 Welsh Road Apt145**
**Willow Grove, PA 19090**

| Earnings | rate | hours/units | this period | year to date |
|---|---|---|---|---|
| Regular | 33.0000 | 80.00 | 2640.00 | 20592.00 |
| Gross Pay | | | **$2,640.00** | $25,344.00 |

| Statutory Deductions | this period | year to date |
|---|---|---|
| Federal Income | -287.97 | 2215.75 |
| Social Security | -163.68 | 1276.70 |
| Medicare | -38.28 | 298.58 |
| Pennsylvania State Income | -81.05 | 632.19 |
| Pennsylvania State UI | -1.58 | 12.35 |
| Phila NR Local Income | -91.49 | 713.62 |

| Net Pay Adjustments | this period | year to date |
|---|---|---|
| *Misc reimbursement | 0.00 | 2284.41 |

| Net Pay | |
|---|---|
| **$1,975.95** | |

| Other Benefits and Information | this period | year to date |
|---|---|---|
| Total Hours Worked | 80.00 | 768.00 |

| Deposits account number | transit/ABA | amount |
|---|---|---|
| XXXXXX7189 | XXXXXXXXX | 1975.95 |

Your federal taxable wages this period are $2,640.00
* Excluded from Federal taxable wages.

© 1998, 2006, ADP, LLC  All Rights Reserved.

TEAR HERE

VERIFY DOCUMENT AUTHENTICITY - COLORED AREA MUST CHANGE IN TONE GRADUALLY AND EVENLY FROM DARK AT TOP TO LIGHTER AT BOTTOM

RiteChoice
7248 Elmwood Ave
Philadelphia, PA 19142

**Pay Date:**          07/06/2018

THIS IS NOT A CHECK

| Deposited to the account | account number | transit/ABA | amount |
|---|---|---|---|
| Checking DirectDeposit | XXXXXX7189 | XXXXXXXXX | 1975.95 |

Elie J Benjamin
3959 Welsh Road Apt145
Willow Grove, PA 19090

01610

**Company Code** **Loc/Dept** **Number** **Page**
RK / 7RF 21724155   01/   4579724   1 of 1

RiteChoice
7248 Elmwood Ave
Philadelphia, PA 19142

# Earnings Statement

ADP

Period Starting: 06/16/2018
Period Ending: 06/29/2018
Pay Date: 07/06/2018

Taxable Marital Status: Single
Exemptions/Allowances: Tax Override:
  Federal: 3   Federal:
  State: 0   State:
  Local: 0   Local:
Social Security Number: XXX-XX-XXXX

**Elie J Benjamin**
**3959 Welsh Road Apt145**
**Willow Grove, PA 19090**

| Earnings | rate | hours/units | this period | year to date |
|---|---|---|---|---|
| Regular | 33.0000 | 80.00 | 2640.00 | 23232.00 |
| **Gross Pay** | | | **$2,640.00** | **$25,344.00** |

| Statutory Deductions | this period | year to date |
|---|---|---|
| Federal Income | -287.97 | 2503.72 |
| Social Security | -163.68 | 1440.38 |
| Medicare | -38.28 | 336.86 |
| Pennsylvania State Income | -81.05 | 713.24 |
| Pennsylvania State UI | -1.59 | 13.94 |
| Phila NR Local Income | -91.49 | 805.11 |

| Net Pay Adjustments | this period | year to date |
|---|---|---|
| *Misc reimbursement | 0.00 | 2284.41 |

| Net Pay | |
|---|---|
| **Net Pay** | **$1,975.94** |

| Other Benefits and Information | this period | year to date |
|---|---|---|
| Total Hours Worked | 80.00 | 768.00 |

| Deposits account number | transit/ABA | amount |
|---|---|---|
| XXXXXX7189 | XXXXXXXXX | 1975.94 |

Your federal taxable wages this period are $2,640.00.
* Excluded from Federal taxable wages.

© 1998, 2006, ADP, LLC. All Rights Reserved

▼ TEAR HERE

VERIFY DOCUMENT AUTHENTICITY - COLORED AREA MUST CHANGE IN TONE GRADUALLY AND EVENLY FROM DARK AT TOP TO LIGHTER AT BOTTOM

RiteChoice
7248 Elmwood Ave
Philadelphia, PA 19142

Pay Date: 07/06/2018

**THIS IS NOT A CHECK**

Deposited to the account     account number    transit/ABA    amount
Checking DirectDeposit       XXXXXX7189    XXXXXXXXX    1975.94

Elie J Benjamin
3959 Welsh Road Apt145
Willow Grove, PA 19090

01611
**Company Code**
RK / 7RF 21724155
RiteChoice
7248 Elmwood Ave
Philadelphia, PA 19142

Loc/Dept
01/

Number
4579725

Page
1 of 1

# Earnings Statement

**ADP**

Period Starting:   06/16/2018
Period Ending:    06/29/2018
Pay Date:           07/06/2018

Taxable Marital Status:     Single
Exemptions/Allowances:
  Federal:   3
  State:     0
  Local:     0
Social Security Number:   XXX-XX-XXXX

Tax Override:
  Federal:
  State:
  Local:

**Elie J Benjamin**
**3959 Welsh Road Apt145**
**Willow Grove, PA 19090**

| Earnings | rate | hours/units | this period | year to date |
|---|---|---|---|---|
| Regular | 33.0000 | 64.00 | 2112.00 | 25344.00 |
| Gross Pay | | | **$2,112.00** | $25,344.00 |

| Statutory Deductions | this period | year to date |
|---|---|---|
| Federal Income | -171.81 | 2675.53 |
| Social Security | -130.95 | 1571.33 |
| Medicare | -30.63 | 367.49 |
| Pennsylvania State Income | -64.84 | 778.08 |
| Pennsylvania State UI | -1.27 | 15.21 |
| Phila NR Local Income | -73.19 | 878.30 |

| Net Pay Adjustments | this period | year to date |
|---|---|---|
| *Misc reimbursement | 0.00 | 2284.41 |

| Net Pay | |
|---|---|
| | **$1,639.31** |

| Other Benefits and Information | this period | year to date |
|---|---|---|
| Total Hours Worked | 64.00 | 768.00 |

| Deposits account number | transit/ABA | amount |
|---|---|---|
| XXXXXX7189 | XXXXXXXXX | 1639.31 |

© 1998, 2006, ADP, LLC  All Rights Reserved.

Your federal taxable wages this period are $2,112.00
* Excluded from Federal taxable wages.

TEAR HERE

VERIFY DOCUMENT AUTHENTICITY - COLORED AREA MUST CHANGE IN TONE GRADUALLY AND EVENLY FROM DARK AT TOP TO LIGHTER AT BOTTOM

RiteChoice
7248 Elmwood Ave
Philadelphia, PA 19142

Pay Date:        07/06/2018

**THIS IS NOT A CHECK**

Deposited to the account
Checking DirectDeposit

account number
XXXXXX7189

transit/ABA
XXXXXXXXX

amount
1639.31

Elie J Benjamin
3959 Welsh Road Apt145
Willow Grove, PA 19090

# Exhibit B

| Company Code | Loc/Dept | Number | Page |
|---|---|---|---|
| RK7 7RF 21724155 | 01/ | 5023097 | 1 of 1 |

RiteChoice
7248 Elmwood Ave
Philadelphia, PA 19142

**Earnings Statement**

ADP

Period Starting:   11/17/2018
Period Ending:    11/30/2018
Pay Date:            12/07/2018

Taxable Marital Status:      Single
Exemptions/Allowances:          Tax Override:
  Federal:   3          Federal:
  State:      0          State:
  Local:      0          Local:
Social Security Number:   XXX-XX-XXXX

Elie J Benjamin
3959 Welsh Road Apt145
Willow Grove, PA 19090

| Earnings | rate | hours/units | this period | year to date |
|---|---|---|---|---|
| Regular | 33.0000 | 80.00 | 2640.00 | 109296.00 |
| Overtime | | | 0.00 | 396.00 |
| | | | | |
| Gross Pay | | | $2,640.00 | $117,612.00 |

| Other Benefits and Information | this period | year to date |
|---|---|---|
| Total Hours Worked | 80.00 | 3560.00 |

| Statutory Deductions | this period | year to date |
|---|---|---|
| Federal Income | -287.97 | 11308.58 |
| Social Security | -163.68 | 6776.35 |
| Medicare | -38.28 | 1584.79 |
| Pennsylvania State Income | -81.05 | 3355.47 |
| Pennsylvania State UI | -1.58 | 65.58 |
| Phila NR Local Income | -91.26 | 3781.01 |

| Voluntary Deductions | this period | year to date |
|---|---|---|
| Advance | -1560.00 | 4728.00 |

| Net Pay Adjustments | this period | year to date |
|---|---|---|
| *Misc reimbursement | 0.00 | 2284.41 |

| Net Pay | | $416.18 |
|---|---|---|

| Deposits account number | transit/ABA | amount |
|---|---|---|
| XXXXXX7932 | XXXXXXXXX | 416.18 |

Your federal taxable wages this period are  $2,640.00
* Excluded from Federal taxable wages

RiteChoice
7248 Elmwood Ave
Philadelphia, PA 19142

Pay Date:          12/07/2018

| Deposited to the account | account number | transit/ABA | amount |
|---|---|---|---|
| Checking DirectDeposit | XXXXXX7932 | XXXXXXXXX | 416.18 |

THIS IS NOT A CHECK

Elie J Benjamin
3959 Welsh Road Apt145
Willow Grove, PA 19090

| Company Code | Loc/Dept | Number | Page |
|---|---|---|---|
| RK / 7RF 21724155 | 01/ | 5023098 | 1 of 1 |

RiteChoice
7248 Elmwood Ave
Philadelphia, PA 19142

**Earnings Statement**



Period Starting:    11/17/2018
Period Ending:      11/30/2018
Pay Date:           12/07/2018

Taxable Marital Status:   Single
Exemptions/Allowances:         Tax Override:
  Federal:   3                 Federal:
  State:     0                 State:
  Local:     0                 Local:
Social Security Number:   XXX-XX-XXXX

Elie J Benjamin
3959 Welsh Road Apt145
Willow Grove, PA 19090

| Earnings | rate | hours/units | this period | year to date |
|---|---|---|---|---|
| Regular | 33.0000 | 80.00 | 2640.00 | 111936.00 |
| Overtime | | | 0.00 | 396.00 |
| Gross Pay | | | **$2,640.00** | $117,612.00 |

| Statutory Deductions | this period | year to date |
|---|---|---|
| Federal Income | -287.97 | 11596.55 |
| Social Security | -163.68 | 6940.03 |
| Medicare | -38.28 | 1623.07 |
| Pennsylvania State Income | -81.05 | 3436.52 |
| Pennsylvania State UI | -1.58 | 67.16 |
| Phila NR Local Income | -91.26 | 3872.27 |

| Voluntary Deductions | this period | year to date |
|---|---|---|
| Advance | 0.00 | 4728.00 |

| Net Pay Adjustments | this period | year to date |
|---|---|---|
| *Misc reimbursement | 0.00 | 2284.41 |

| Net Pay | |
|---|---|
| | **$1,976.18** |

| Other Benefits and Information | this period | year to date |
|---|---|---|
| Total Hours Worked | 80.00 | 3560.00 |

| Deposits account number | transit/ABA | amount |
|---|---|---|
| XXXXXX7932 | XXXXXXXXX | 1976.18 |

Your federal taxable wages this period are  $2,640.00
* Excluded from Federal taxable wages

RiteChoice
7248 Elmwood Ave
Philadelphia, PA 19142

Pay Date:          12/07/2018

Deposited to the account

Checking DirectDeposit

| | account number | transit/ABA | amount |
|---|---|---|---|
| | XXXXXX7932 | XXXXXXXXX | 1976.18 |

THIS IS NOT A CHECK

Elie J Benjamin
3959 Welsh Road Apt145
Willow Grove, PA 19090

| Company Code | Loc/Dept | Number | Page |
|---|---|---|---|
| RK / 7RF 21724155 | 01/ | 5023099 | 1 of 1 |

RiteChoice
7248 Elmwood Ave
Philadelphia, PA 19142

## Earnings Statement

**ADP**

Period Starting:   11/17/2018
Period Ending:   11/30/2018
Pay Date:   12/07/2018

| | |
|---|---|
| Taxable Marital Status: | Single |
| Exemptions/Allowances: | Tax Override: |
| Federal:   3 | Federal: |
| State:   0 | State: |
| Local:   0 | Local: |
| Social Security Number: | XXX-XX-XXXX |

Elie J Benjamin
3959 Welsh Road Apt145
Willow Grove, PA 19090

| Earnings | rate | hours/units | this period | year to date |
|---|---|---|---|---|
| Regular | 33.0000 | 80.00 | 2640.00 | 114576.00 |
| Overtime | | | 0.00 | 396.00 |
| **Gross Pay** | | | **$2,640.00** | **$117,612.00** |

| Statutory Deductions | this period | year to date |
|---|---|---|
| Federal Income | -287.97 | 11884.52 |
| Social Security | -163.68 | 7103.71 |
| Medicare | -38.28 | 1661.35 |
| Pennsylvania State Income | -81.05 | 3517.57 |
| Pennsylvania State UI | -1.59 | 68.75 |
| Phila NR Local Income | -91.26 | 3963.53 |

| Voluntary Deductions | this period | year to date |
|---|---|---|
| Advance | 0.00 | 4728.00 |

| Net Pay Adjustments | this period | year to date |
|---|---|---|
| *Misc reimbursement | 0.00 | 2284.41 |

| Net Pay | | |
|---|---|---|
| **Net Pay** | | **$1,976.17** |

| Other Benefits and Information | this period | year to date |
|---|---|---|
| Total Hours Worked | 80.00 | 3560.00 |

| Deposits account number | transit/ABA | amount |
|---|---|---|
| XXXXXX7932 | XXXXXXXXX | 1976.17 |

Your federal taxable wages this period are  $2,640.00
* Excluded from Federal taxable wages

RiteChoice
7248 Elmwood Ave
Philadelphia, PA 19142

Pay Date:        12/07/2018

| Deposited to the account | account number | transit/ABA | amount |
|---|---|---|---|
| Checking DirectDeposit | XXXXXX7932 | XXXXXXXXX | 1976.17 |

THIS IS NOT A CHECK

Elie J Benjamin
3959 Welsh Road Apt145
Willow Grove, PA 19090

| Company Code | Loc/Dept | Number | Page |
|---|---|---|---|
| RK / 7RF 21724155 | 01/ | 5023100 | 1 of 1 |

RiteChoice
7248 Elmwood Ave
Philadelphia, PA 19142

**Earnings Statement**



Period Starting:   11/17/2018
Period Ending:    11/30/2018
Pay Date:            12/07/2018

Taxable Marital Status:    Single
Exemptions/Allowances:    Tax Override:
  Federal:      3          Federal:
  State:         0          State:
  Local:         0          Local:
Social Security Number:    XXX-XX-XXXX

Elie J Benjamin
3959 Welsh Road Apt145
Willow Grove, PA 19090

| Earnings | rate | hours/units | this period | year to date |
|---|---|---|---|---|
| Regular | 33.0000 | 80.00 | 2640.00 | 117216.00 |
| Overtime | 49.5000 | 8.00 | 396.00 | 396.00 |
| **Gross Pay** | | | **$3,036.00** | **$117,612.00** |

| Statutory Deductions | this period | year to date |
|---|---|---|
| Federal Income | -375.09 | 12259.61 |
| Social Security | -188.23 | 7291.94 |
| Medicare | -44.02 | 1705.37 |
| Pennsylvania State Income | -93.21 | 3610.78 |
| Pennsylvania State UI | -1.82 | 70.57 |
| Phila NR Local Income | -104.95 | 4068.48 |

| Voluntary Deductions | this period | year to date |
|---|---|---|
| Advance | 0.00 | 4728.00 |

| Net Pay Adjustments | this period | year to date |
|---|---|---|
| *Misc reimbursement | 0.00 | 2284.41 |

| **Net Pay** | **$2,228.68** |
|---|---|

| Other Benefits and Information | this period | year to date |
|---|---|---|
| Total Hours Worked | 88.00 | 3560.00 |

| Deposits account number | transit/ABA | amount |
|---|---|---|
| XXXXXX7932 | XXXXXXXXX | 2228.68 |

Your federal taxable wages this period are  $3,036.00
* Excluded from Federal taxable wages

RiteChoice
7248 Elmwood Ave
Philadelphia, PA 19142

Pay Date:            12/07/2018

Deposited to the account
Checking DirectDeposit

| account number | transit/ABA | amount |
|---|---|---|
| XXXXXX7932 | XXXXXXXXX | 2228.68 |

THIS IS NOT A CHECK

Elie J Benjamin
3959 Welsh Road Apt145
Willow Grove, PA 19090

# Exhibit C

01365

**Company Code**   **Loc/Dept**   **Number**   **Page**
RK / 7RF 21724155   01/   5222807   1 of 1
RiteChoice
7248 Elmwood Ave
Philadelphia, PA 19142

# Earnings Statement

ADP

Period Starting:   01/26/2019
Period Ending:   02/08/2019
Pay Date:   02/15/2019

Taxable Marital Status:   Single
Exemptions/Allowances:     Tax Override:
  Federal:   3     Federal:
  State:   0     State:
  Local:   0     Local:
Social Security Number:   XXX-XX-XXXX

**Elie J Benjamin**
**3959 Welsh Road Apt145**
**Willow Grove, PA 19090**

| Earnings | rate | hours/units | this period | year to date |
|---|---|---|---|---|
| Regular | 23.9000 | 80.00 | 1912.00 | 30325.00 |
| Overtime | 35.8500 | 256.00 | 9177.60 | 9177.60 |
| Bonus | | | 0.00 | 500.00 |
| **Gross Pay** | | | **$11,089.60** | $40,002.60 |

| Statutory Deductions | this period | year to date |
|---|---|---|
| Federal Income | -2706.49 | 5676.51 |
| Social Security | -687.55 | 2480.16 |
| Medicare | -160.80 | 580.04 |
| Pennsylvania State Income | -340.45 | 1228.10 |
| Pennsylvania State UI | -6.65 | 24.00 |
| Phila NR Local Income | -383.33 | 1382.79 |
| **Net Pay** | **$6,804.33** | |

| Other Benefits and Information | this period | year to date |
|---|---|---|
| Total Hours Worked | 336.00 | 1197.00 |

| Deposits account number | transit/ABA | amount |
|---|---|---|
| XXXXXX7932 | XXXXXXXXX | 6804.33 |

Your federal taxable wages this period are $11,089.60

© 1998, 2006, ADP, LLC. All Rights Reserved.

▼ TEAR HERE

VERIFY DOCUMENT AUTHENTICITY - COLORED AREA MUST CHANGE IN TONE GRADUALLY AND EVENLY FROM DARK AT TOP TO LIGHTER AT BOTTOM

RiteChoice
7248 Elmwood Ave
Philadelphia, PA 19142

Pay Date:   02/15/2019

THIS IS NOT A CHECK

| Deposited to the account | account number | transit/ABA | amount |
|---|---|---|---|
| Checking DirectDeposit | XXXXXX7932 | XXXXXXXXX | 6804.33 |

Elie J Benjamin
3959 Welsh Road Apt145
Willow Grove, PA 19090

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Elie Louis-Benjamin, Jr.                                :                    CIVIL ACTION

           v.                    :

Ritechoice Family Services, Inc. d/b/a Ritchoice, et al.    :                    NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
  and Human Services denying plaintiff Social Security Benefits.                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
  exposure to asbestos.                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
  commonly referred to as complex and that need special or intense management by
  the court. (See reverse side of this form for a detailed explanation of special
  management cases.)                    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X )

| 2/22/2019 | _(signature)_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff:  3959 Welsh Road, Apt 145, Willow Grove, PA 19090

Address of Defendant:  7248 Elmwood Avenue, Philadelphia, PA 19142

Place of Accident, Incident or Transaction:  Defendants place of business

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year
    previously terminated action in this court?                                    Yes ☐      No ☒

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit
    pending or within one year previously  terminated action in this court?        Yes ☐      No ☒

3.  Does this case involve the validity or infringement of a patent  already in suit or any earlier
    numbered case pending or within one year previously  terminated action of this court?   Yes ☐      No ☒

4.  Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights
    case filed by the same individual?                                            Yes ☐      No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __2/22/2019_____   ARK2484 / 91538_____
                        *Attorney-at-Law / Pro Se Plaintiff*              *Attorney I.D. # (if applicable)*

---

CIVIL: (Place a √ in one category only)

*A.*  *Federal Question Cases:*                              *B.*  *Diversity Jurisdiction Cases:*

☐  1.  Indemnity Contract, Marine Contract, and All Other Contracts    ☐  1.  Insurance Contract and Other Contracts
☐  2.  FELA                                                            ☐  2.  Airplane Personal Injury
☐  3.  Jones Act-Personal Injury                                       ☐  3.  Assault, Defamation
☐  4.  Antitrust                                                       ☐  4.  Marine Personal Injury
☐  5.  Patent                                                          ☐  5.  Motor Vehicle Personal Injury
☒  6.  Labor-Management Relations                                      ☐  6.  Other Personal Injury *(Please specify):* _____
☐  7.  Civil Rights                                                    ☐  7.  Products Liability
☐  8.  Habeas Corpus                                                   ☐  8.  Products Liability – Asbestos
☐  9.  Securities Act(s) Cases                                         ☐  9.  All other Diversity Cases
☐  10. Social Security Review Cases                                          *(Please specify):* _____
☐  11. All other Federal Question Cases
       *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Ari R. Karpf_____, counsel of record *or pro se plaintiff*, do hereby certify:

☒  Pursuant to Local Civil Rule 53.2, § 3(c ) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case
   exceed the sum of $150,000.00 exclusive of interest and costs:

☐  Relief other than monetary damages is sought.

DATE: __2/22/2019_____   ARK2484 / 91538_____
                        *Attorney-at-Law / Pro Se Plaintiff*              *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

LOUIS-BENJAMIN, JR., ELIE

**DEFENDANTS**

RITECHOICE FAMILY SERVICES, INC. d/b/a RITECHOICE, et al.

**(b)** County of Residence of First Listed Plaintiff    Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☒ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FLSA (29USC201)

Brief description of cause:
Violations of the FLSA and applicable state law(s).

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   2/22/2019

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

[Print]   [Save As...]   [Reset]